**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**VINCENT HUSSEY**                                                     **PETITIONER**
**ADC #109212**

**VS.**                      **NO. 5:10CV00327-JLH-BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                            **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. You may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the Recommended Disposition. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

II.     **Background**

On November 1, 1996, a Drew County Circuit Court jury found Petitioner Vincent Hussey guilty of capital murder and aggravated robbery. *Hussey v. State*, No CR 00-269, 2001 WL 1226368 at *1 (Oct. 11, 2001). Mr. Hussey was sentenced to life in prison, without parole. *Id*. Petitioner filed a direct appeal of his conviction claiming the State had failed to prove he committed capital murder. *Id*. He also argued the trial court had erred in finding he had voluntarily waived his *Miranda* rights prior to implicating himself in the crime. *Id*.

The conviction was affirmed by the Arkansas Supreme Court in an opinion issued on April 16, 1998. *Hussey v. State*, 332 Ark. 552, 553 (1998). The Arkansas Supreme Court's mandate issued on May 5, 1998 (#8-5), and Mr. Hussey did not file a petition for a writ of certiorari with the United States Supreme Court.

On July 7, 1998, Mr. Hussey filed a *pro se* petition for post-conviction relief with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure. After conducting a hearing, the trial court dismissed the Rule 37 petition as untimely. (#8-10) *Hussey*, 2001 WL 1226368 at *1. Mr. Hussey appealed the trial court's decision to the Arkansas Supreme Court, but the Court affirmed the trial court's ruling that the Rule 37 petition was filed one day after the time for filing had expired, and held that, consequently, the trial court lacked jurisdiction to consider the petition. *Id*.

In his habeas petition, Petitioner claims: (1) ineffective assistance of counsel for failing to object to out-of-court statements used at trial and for failing to raise the issue on appeal; (2) ineffective assistance of counsel for failing to object to the "offering of clothing allegedly worn by Petitioner;" (3) ineffective assistance of counsel for failing to object to Petitioner not being taken to his first appearance promptly; (4) the trial judge violated his Fourteenth Amendment right to Due Process by inappropriately responding to a question from the jury; and (5) insufficient evidence to support the conviction. (#1 at pp. 5-18)  Respondent Ray Hobbs argues that all of Mr. Hussey's claims are barred by the statute of limitations or are procedurally defaulted. (#8 at pp. 3-6)  For the reasons set forth below, the Court recommends that the District Court dismiss this habeas corpus petition as time barred.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year statute of limitations for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  It also provides for tolling of the statute of limitations during the time, "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  A

petition for Rule 37 post-conviction relief that is untimely filed is not, however, a "properly filed application for State post-conviction or other collateral review," and 28 U.S.C. § 2244(d)(2)'s tolling provision does not apply in that circumstance. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).

In this case, Mr. Hussey filed a direct appeal of his conviction, but did not file a petition for writ of certiorari to challenge the Arkansas Supreme Court's ruling at the United States Supreme Court. Consequently, his conviction became final when the time for filing a petition for writ of certiorari expired on July 15, 1998, ninety days after the Arkansas Supreme Court issued its opinion affirming Mr. Hussey's conviction on direct appeal. See *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) (citing *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003)).

Under Arkansas Rule of Criminal Procedure 37.2(c), Mr. Hussey had sixty days, that is, until July 6, 1998, to file a petition for relief. He filed his petition for post-conviction relief on July 7, 1998, one day after the deadline for filing expired. The trial court held the petition was untimely, and the Arkansas Supreme Court agreed. *Hussey*, 2001 WL 1226368 at *1. Accordingly, Petitioner is not entitled to any statutory tolling during the time his Rule 37 petition or appeal was pending in the state courts. See *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010)("if a state court finds that a motion fails to comply with filing requirements, that motion is not 'properly filed,' regardless of whether those filing requirements are firmly established and regularly followed")(citing *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006)).

Because Mr. Hussey is not entitled to statutory tolling, the Court must determine whether he is entitled to equitable tolling. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)).

In this case, Mr. Hussey has not been diligently pursuing his rights. The Arkansas Supreme Court issued its opinion affirming the conviction on direct appeal on July 15, 1998, and affirmed the trial court's ruling denying relief under Rule 37 on October 11, 2001. *Hussey*, 2001 WL 1226368 at *1. Mr. Hussey waited more than ten years after the Arkansas Supreme Court's decision on direct appeal – until November 12, 2010 – to file this habeas corpus petition. He has not diligently pursued his rights. See e.g. *Pace*, 544 U.S. at 419 (petitioner who waited five months after the judgment of conviction became final to file his petition was not diligent); *Nelson*, 618 F.3d at 893 (petitioner who waited nine months after Arkansas Supreme Court denied rehearing had not diligently pursued his rights); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (petitioner who claimed he did not receive notice of his judgment of conviction until approximately seven months after the decision was rendered but did not file within the eight months he had to file his petition was not diligent).

Further, Mr. Hussey has not alleged that an extraordinary circumstance prevented him from timely filing his habeas petition. He makes many allegations regarding the inadequacy of his trial and appellate counsel, but "ineffective assistance of counsel caused by an attorney's negligence or mistake is not considered an extraordinary circumstance for the purpose of equitable tolling." *Byers v. U.S.*, 561 F.3d 832, 837 (8th Cir. 2009) (citing *U.S. v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005)).

Mr. Hussey also claims actual innocence. However, he has not alleged that he was prevented from discovering the facts he claims establish actual innocence so as to warrant equitable tolling. See *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002) (petitioner, who did not show that respondent prevented him from discovering facts establishing actual innocence soon enough to enable him to bring a timely habeas petition, was not entitled to equitable tolling).

## IV.     Conclusion

Mr. Hussey is not entitled to statutory or equitable tolling, and his federal petition for writ of habeas corpus is barred by the one-year limitations period set out in 28 U.S.C. § 2244(d). Accordingly, the Court recommends that the District Court dismiss Vincent Hussey's Petition for Writ of Habeas Corpus (#1) with prejudice.

DATED this 7th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE